IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 12-20083-28-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| AARON C. GUNDERSON, | ) | No. 16-2551-KHV |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On May 1, 2015, the Court sentenced defendant to 120 months in prison. Defendant did not appeal. This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #2336) filed August 8, 2016. For reasons stated below, the Court appoints counsel for defendant and sets this matter for an evidentiary hearing.

## Factual Background

On October 31, 2012, a grand jury charged Aaron Gunderson and some 40 other defendants with conspiracy to (1) possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine; (2) possess with intent to distribute and to distribute 1,000 kilograms or more of marijuana and (3) maintain drug-involved premises. See Sealed Indictment (Doc. #192), Count 1.[1] The statutory penalty under Count 1 included a mandatory term of imprisonment of ten years to life. See 21 U.S.C. § 841(b)(1)(A)(ii), (vii). On February 15, 2013, defendant pled guilty to Count 1. See Plea Agreement (Doc. #789). Kelly M. Connor-Wilson

---

[1] The grand jury also charged Gunderson with one count of maintaining drug-involved premises and one count of possession with intent to distribute 100 kilograms or more of marijuana. See id., Counts 93, 102. At sentencing, the Court dismissed the additional counts.

represented defendant through the hearing on his change of plea. On January 17, 2014, the Court allowed Connor-Wilson to withdraw and appointed Forrest A. Lowry. Lowry represented defendant throughout the remainder of the proceedings.

Defendant had a total offense level of 23 with a criminal history category I for a guideline range of 46 to 57 months. See Presentence Investigation Report (Doc. #1668) filed January 12, 2015, ¶ 459. Under Section 5G1.1 of the Sentencing Guidelines, the statutory minimum of ten years trumped defendant's calculated guideline range under 21 U.S.C. § 841(b)(1)(A). See Presentence Investigation Report (Doc. #1668) ¶¶ 458-59; U.S.S.G. § 5G1.1. On May 1, 2015, the Court sentenced defendant to 120 months in prison. Defendant did not appeal.

On August 8, 2016, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's motion alleges that Lowry provided ineffective assistance because (1) he did not object to the statutory minimum of ten years in prison and (2) he did not file an appeal after defendant asked him to do so. Motion Under 28 U.S.C. § 2255 (Doc. #2336) at 4-5.[2]

**Analysis**

The government contends that defendant's motion is procedurally barred because it is untimely. Section 2255 provides a one-year period of limitation which ordinarily runs from the date

---

[2] Defendant also asserts that Connor-Wilson provided ineffective assistance because she did not object to the statutory minimum. As noted, the Court allowed Connor-Wilson to withdraw on January 17, 2014, nearly one year before the United States Probation Office prepared the presentence report. Accordingly, the Court construes defendant's claim related to the statutory minimum only as a challenge to Lowry's performance.

The government maintains that defendant's claim related to the statutory minimum is in fact an attempt to assert a "free-standing constitutional claim" which is barred under the plea agreement. Government's Response To Defendant's Motion Under 28 U.S.C. § 2255 (Doc. #2374) filed November 8, 2016 at 18. In his reply, defendant has clarified that his claim related to the statutory minimum is limited to the context of ineffective assistance of counsel. See Petitioner's Response To Government's Response (Doc. #2379) at 2-3.

on which the judgment of conviction becomes final.[3]  If defendant does not directly appeal his conviction or sentence, the conviction becomes final upon the expiration of the time in which to take a direct criminal appeal.  United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006).  Here, the Clerk entered judgment on May 1, 2015. Under Rule 4(b) of the Federal Rules of Appellate Procedure, defendant's judgment became final 14 days later on May 15, 2015.  Therefore defendant had until May 16, 2016 to file a motion to vacate under Section 2255.

Defendant filed his Section 2255 motion on August 8, 2016, nearly three months after the statutory deadline.  Defendant asserts that his motion is subject to equitable tolling because (1) he did not learn that Lowry did not in fact file an appeal until late November of 2015, (2) when he was in the special housing unit ("SHU") at U.S.P. Leavenworth from December 14, 2015 through March 24, 2016, his mother was unable to get a prison counselor to return calls about arranging an attorney visit and prison staff allowed defendant to visit the prison law library on only two occasions

---

[3]  The one-year period of limitation runs from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

and (3) when defendant was in the SHU at U.S.P. Forrest City from April 20 to July 1, 2016, prison staff allowed him to visit the law library on one occasion despite his numerous requests.

Under subsection four of Section 2255(f), equitable tolling is available when an inmate diligently pursues his claims and demonstrates that extraordinary circumstances beyond his control caused his failure to timely file. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Attorney misconduct may sometimes be an "extraordinary circumstance" justifying equitable tolling. Maples v. Thomas, 565 U.S. 266, 132 S. Ct. 912, 915 (2012).

Here, defendant asserts that shortly after sentencing on May 1, 2015, he told counsel to file an appeal. Assuming that defendant did in fact ask counsel to appeal, defendant could have reasonably believed for a few months that his attorney had done so. See United States v. Galindo, 406 F. App'x 322, 324 (10th Cir. 2011) (delay of "few months" in reliance on attorney filing appeal may be reasonable, but further delay shows lack of diligence in pursuing claim).[4] The factual determination whether defendant's motion is subject to equitable tolling is intertwined with the merits of his claim that Lowry failed to file an appeal.

---

[4] Defendant did not receive actual notice that his attorney failed to file an appeal until approximately November 24, 2015, more than six months after the deadline to appeal. Defendant certainly should have inquired about the status of his appeal well before November of 2015. Cf. Penn v. Kline, 348 F. App'x 344, 347 (10th Cir. 2009) (attorney failure to file petition does not indefinitely toll limitations period; defendant's delay of nearly ten months insufficient to show diligence required for equitable tolling); Stanley v. McKune, 133 F. App'x 479, 480 (10th Cir. 2005) (attorney failure to file appeal does not excuse six-year delay); Loving v. Mahaffey, 27 F. App'x 925, 926 (10th Cir. 2001) (attorney failure to file appeal does not excuse five-year delay). Even so, the deadline could be tolled for the period in which his reliance was reasonable.

Here, defendant's motion would be timely if the statutory deadline is tolled by some 85 days. A hearing is necessary to determine whether defendant asked counsel to file an appeal and if he did so, how long defendant could reasonably rely on counsel to appeal without inquiring about the status of the appeal. In addition, at the hearing, the parties will have an opportunity to present evidence on defendant's two additional grounds for equitable tolling related to his confinement at U.S.P. Leavenworth and U.S.P. Forrest City.

If a lawyer disregards specific instructions to file a criminal appeal, counsel is deemed to have acted in a manner that is both professionally unreasonable and presumptively prejudicial. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 484-85 (2000); United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). If defendant requests an appeal, counsel must file a timely notice of appeal. If counsel believes that an appeal is wholly frivolous after conscientious examination, he must file a motion to withdraw and an accompanying brief under Anders v. California, 386 U.S. 738 (1967). Defendant has submitted a sworn statement that he asked counsel to file an appeal. Motion Under 28 U.S.C. § 2255 (Doc. #2336) at 4; see Petitioner's Response To Government's Response (Doc. #2379) at 5-8. The government has submitted counsel's affidavit which states that defendant did not ask counsel to do so. To evaluate whether equitable tolling applies and to evaluate the merits of defendant's claim that Mr. Lowry provided ineffective assistance because he did not file an appeal, an evidentiary hearing is necessary. The Court will hold an evidentiary hearing on these limited issues on **August 1, 2017 at 1:30 p.m.** Because defendant previously qualified for appointed counsel under 18 U.S.C. § 3006A, the Court appoints new counsel to represent defendant at the evidentiary hearing. See Rule 8(c) of the Rules Governing Section 2255 Proceedings. Counsel for the government is directed to secure Mr. Lowry's appearance at the hearing.

**IT IS THEREFORE ORDERED that an evidentiary hearing on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #2336) is scheduled on August 1, 2017 at 1:30 p.m. The Court directs the Clerk to appoint counsel to represent defendant at the evidentiary hearing. Counsel for the government is directed to ensure that the U.S. Marshal transports defendant for the evidentiary hearing and to secure Mr. Lowry's appearance at the hearing.**

Dated this 17th day of April, 2017 at Kansas City, Kansas.

                                            s/ Kathryn H. Vratil
                                            KATHRYN H. VRATIL
                                            United States District Judge