# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 12-20083-28-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| AARON C. GUNDERSON, | ) | No. 16-2551-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER TO SHOW CAUSE

On August 8, 2016, defendant filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #2336). The Court appointed counsel for defendant and set the matter for an evidentiary hearing limited to the issues of equitable tolling and the merits of defendant's claim that counsel provided ineffective assistance because he did not file an appeal. The Court finds that the evidentiary hearing should include the merits of all of defendant's claims in his motion. In addition, **on or before November 10, 2017, the government is directed to show good cause in writing why in light of the government's stated position in the case of co-defendant Trent Percival, Case No. 12-20083-16, the Court should not sustain defendant's motion as to his claim that counsel provided ineffective assistance because he failed to object to the statutory minimum of 120 months under 21 U.S.C. § 841(b)(1)(A).**[1] On

---

[1] In the case of Percival, the government conceded that based on Alleyne v. United States, 133 S. Ct. 2151 (2013), the Court's plea colloquy was inadequate. The government further conceded that at the change of plea hearing and sentencing, Percival's counsel should have objected to the statutory minimum based on the lack of particularized findings of drug quantity to support the statutory minimum. In particular, the government stated as follows:

> although this Court found at the plea hearing "there exists a factual basis for the proposed plea[] as [it] relates to *each essential element of the conspiracy charged*"
> (continued...)

**or before December 5, 2017, defendant may file a reply.**

**IT IS SO ORDERED**.

Dated this 23rd day of October, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1](...continued)
(Doc. 1933, Tr. Plea Hr'g at 35 (emphasis added)), this finding became inaccurate after *Alleyne*, which essentially created a new element for the offense, i.e., the drug quantity triggering the statutory minimum sentence, for which this Court, through no fault of its own, did not ascertain any factual basis.

Government's Response To Defendant's Motion Under 28 U.S.C. § 2255 (Doc. #2286) at 25. In Percival's case, the government asked the Court to vacate defendant's conviction and sentence and restore the parties to their pre-plea positions. Before the Court ruled on the motion, the parties agreed that defendant's sentence should be reduced from ten to five years.